**Thomas S. TAYLOR, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 439.**

United States District Court
E. D. North Carolina,
New Bern Division.

Dec. 9, 1957.

Harvey Hamilton, Jr., Morehead City, N. C., for plaintiff.

Julian T. Gaskill, U. S. Atty., Raleigh, N. C., for defendant.

GILLIAM, District Judge.

At about 6:00 p. m. on November 5, 1955, the plaintiff's car driven by him collided with a pickup Navy truck owned by defendant and being operated by its servants. It is conceded that the defendant is responsible for any negligence of these servants. This action was instituted to recover for the resulting personal in-

juries and property damages. The defendant denies negligence and alleges contributory negligence.

■ The collision occurred on N. C. Highway No. 24, a hard surface road about 22 feet wide, when plaintiff's car ran into the rear of Government's pickup truck which had become inoperable because the transmission "froze up"; the attendants were unable to move the truck and at the time of the collision, which occurred ten to twenty minutes later, it stood in its right lane completely blocking it; at the moment of such collision the parking lights and the rear light were burning but no red flag, red flares or lanterns were displayed; the plaintiff at the time of the collision was using his head lights with low beam and up to the moment when he became aware of the presence of the truck, then 80 to 100 feet ahead, he was driving from 45 to 50 miles per hour; plaintiff applied brakes, travelled 85 feet, was unable to turn left sufficiently to avoid the truck, and the collision, injuries and damages ensued; plaintiff admitted that he had drunk two bottles of beer in the early part of the day, but denied that his driving was affected; there was evidence pro and con as to whether the plaintiff was under the influence of drink and evidence that a brown bag containing part of a pint of liquor was taken from plaintiff's car and thrown in nearby weeds by an unknown person sometime after the collision; the plaintiff denied knowledge that the liquor was in his car, and I find the evidence does not establish that plaintiff's drinking was a contributory cause of the accident; when the truck attendants found that they could not remove the truck from the highway the three stood near the truck and successfully directed several vehicles around it; as plaintiff approached at least one of them was standing behind the truck waving his white sailor cap or hat in warning; this attendant was almost struck by plaintiff's car.

■ Section 20–161 of N.C.G.S.— "Stopping on highway"—contains this provision: "Provided further that in the event that a truck, trailer or semi-trailer be disabled upon the highway that the driver of such vehicle shall display, not less than two hundred feet in the front and rear of such vehicle, a warning signal; that during the hours from sunup to sundown a red flag shall be displayed, and after sundown red flares or lanterns. These warning signals shall be displayed as long as such vehicle is disabled upon the highways." Defendant's failure to meet the requirements of this statute convicts it of negligence which is actionable if such failure was one of the proximate causes of the collision. I find such to be the case, and, therefore, plaintiff is entitled to recover unless his own negligence contributed to the collision. North Carolina law controls and a troublesome question would arise as to whether plaintiff was guilty of contributory negligence as a matter of law under the North Carolina cases, declaring such result where a driver "outruns his headlights". But there is no need for me to review the cases with the idea of determining just where this case fits into the somewhat confused picture which they present, as I hold against the plaintiff as a matter of fact. The burden to show contributory negligence by the preponderance of evidence rests upon the defendant and in my opinion the Government has succeeded in doing so. It is my finding that plaintiff failed to use due care for his own safety and that such failure was a proximate cause of his own injuries and damages. This bars any recovery.

Therefore, it is adjudged that the plaintiff recover nothing for his injuries and damages, and that defendant recover nothing on its counterclaim or cross action. No costs allowed to either party.